UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CATHY ENWERE,

    Plaintiff,

    v.

THE NORTHERN DISTRICT COURT SYSTEM, et al.,

    Defendants.
_____/

No. C 12-3725 PJH

**ORDER DISMISSING COMPLAINT**

Plaintiff Cathy Enwere filed this action on July 13, 2012, against defendant "Northern District Court System and the Law Offices agencies involved in case 1239 JF, U.S. District Court Northern District of California, in 450 Golden Gate Ave, San Francisco California 94102;" Patricia V. Trumbull; and Jeremy Fogel. Also on July 13, 2012, plaintiff filed a request to proceed in forma pauperis ("IFP"). Because the court finds that the complaint is frivolous and fails to state a claim, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

Under § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

For purposes of § 1915, a frivolous claim is one that lacks an arguable basis in

either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id. at 324. Where a plaintiff is acting pro se and the court finds the complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the plaintiff notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

In this case, the complaint consists of five hand-written pages. The content is far from comprehensible. What is clear, however, is that the claims against "The Northern District Court System" and Judges Fogel and Trumbull are based on rulings made by those judges in other cases filed by plaintiff – particularly in Enwere v. Terman Apartments LP, Case No. 07-1239, a case that was affirmed on appeal in March 2010 by the Ninth Circuit.[1]

---

[1] To date, plaintiff has filed a total of nine cases in this judicial district – These are (1) the aforementioned Enwere v. Terman Apartments, LP, C-07-1239 (alleging mental and emotional distress caused by racial discrimination in housing) (dismissed June 23, 2009 based on plaintiff's failure to submit to deposition and independent medical examination; affirmed on appeal March 10, 2010); (2) Enwere v. San Mateo Mental Health Clinic, C-09-1671 (alleging that mental health records were improperly produced to defendants in prior litigation) (dismissed at request of plaintiff); (3) Enwere v. San Mateo Mental Health Clinic, C-10-3235 (alleging that mental health records were improperly produced to defendants in Case No. 07-1239) (dismissed September 13, 2010, for failure to state a claim); (4) Enwere v. Hiller, C-11-0645 (alleging claims against Laurie B. Hiller, an attorney with the law firm of Sauer & Wagner, based on the firm's representation of the defendants in Case No. C-07-1239) (dismissed July 25, 2011, based on litigation privilege and res judicata; appeal dismissed October 20, 2011 for lack of jurisdiction); (5) Enwere v. HUD Fair Housing, C-11-716 (alleging claims relating to HUD's handling of claim of housing discrimination) (dismissed May 16, 2011 for failure to state a claim; appeal dismissed November 17, 2011, for failure to pay filing fee); (6) Enwere v. Finck, C-11-0727 (alleging claims against San Mateo County Counsel, based on release of mental health records pursuant to subpoena in Case No. C-07-1239) (dismissed August 2, 2011; dismissal currently on appeal); (7) Enwere v. Sauer & Wagner Law Firm, C-11-3834 (alleging claims of defamation against Sauer & Wagner, based on the firm's representation of the defendants in Case No. C-07-1239, and also based on filings in Case No. C-11-1645) (dismissed with prejudice on September 28, 2011, based on litigation privilege); (8) Enwere v. United States Post Office, C-11-4871 (alleging claims of postal workers "deliberately messing with my mail") (dismissed on February 16, 2012 for failure to prosecute); and (9) the present case, asserted against this court and the judges who presided over Case No. C-07-1239.

A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. See Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under Bivens). This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. See Mullis, 828 F.2d at 1394

The Civil Cover Sheet that plaintiff completed at the time she filed the complaint lists the defendants as "Saucer & Wagner/Judge P. Trumbull/HUD/Mental Health/Fair Housing." The IFP request states that the defendants are "Laurie B. Hiller & Saucer Wagner/ Judge Trumbull." Nevertheless, neither the complaint nor the caption of the complaint mentions any of those defendants. Accordingly, as no claim is asserted in the complaint against any defendant other than the U.S. District Court and Judges Fogel and Trumbull, the court finds that the complaint must be dismissed.

As amendment will not cure the deficiencies of the complaint, the dismissal is with prejudice. Because the court finds that the complaint is frivolous, the request to proceed IFP is DENIED. This order terminates the case and any pending motions.

**IT IS SO ORDERED.**

Dated: August 30, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

3